## Culp v. Fewins

*Robert J. Gillespie*, for plaintiffs.

*Arthur Silverblatt*, for defendants.

SCHIFFMAN, J., March 12, 1969.—We have before us plaintiffs' rule to show cause why defendants' appeal from the judgment of an alderman should not be quashed.

The facts are not in dispute. On or about May 6, 1968, plaintiffs obtained judgment against defendants in the amount of $411.41. On May 21, 1968, a transcript of appeal from that judgment was filed to the above term and number. No notice of the taking of said appeal was ever given plaintiffs. Rather, counsel for plaintiffs discovered the appeal through sheer coincidence while engaged in another matter. Plaintiffs therefore seek to have the appeal quashed or stricken off because of defendants' failure to give notice thereof.

Defendants contend that no such notice is necessary in that it is nowhere provided for by statute or the rules of this court.

Plaintiffs contend that such notice is essential by virtue of the provision in the Act of April 15, 1845, P. L. 459, sec. 6, 42 PS §911, which provides that plaintiff, defendant or garnishee, in attachment, may appeal from the judgment of an alderman or justice of the peace to the next term of the court of common pleas, *on complying with the laws regulating appeals* in other cases.

Reason is on the side of plaintiffs herein. Fairness and common sense would, it seems, require that no party to an action be permitted to affect the rights of another party thereto without notice to him. In light of this, plaintiffs might well have a meritorious argument that the statutory language quoted requires notice.

Plaintiffs cite no authority for their position nor are we able to discover any. In each instance where a court has acted upon a party's failure to give notice of appeal, its action was predicated upon the existence of a local rule of court requiring notice of the appeal from the action of a magistrate. We have no such rule. The fact that courts in other jurisdictions have seen fit to establish such a rule points up the uncertainty of the law in this regard.

In view of this uncertainty and in view of the fact that it has not been the general practice before this court to give or require such notice, we will not so drastically affect defendants' rights as to quash their appeal. Better practice would dictate that in fairness and justice, notice of such an appeal should be accorded an opposing party. However, we cannot conclude, under the present facts and circumstances, that such notice is required.

Therefore, until a rule is adopted by this court to require such notice, we would suggest that it be given as a matter of good practice and courtesy.

Accordingly, we enter the following

ORDER

Now, this March 12, 1969, at 3 p.m., (EST), plaintiffs' rule to show cause why the appeal, taken from the judgment of the magistrate, should not be quashed, is discharged.